UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
SOKHNA GUEYE,

                Plaintiff,

    -against-

PEOPLE'S UNITED BANK, NATIONAL
ASSOCIATION, and
PATRICIA HOFFMAN, individually

                Defendants.
------------------------------------------------------------------------ x

Civil Action No.

Plaintiff demands a trial Jury

**COMPLAINT**

Plaintiff SOKHNA GUEYE (hereinafter referred to as "Plaintiff GUEYE" or "Plaintiff"), by and through her attorneys, the DEREK SMITH LAW GROUP, PLLC, hereby complains of PEOPLE'S UNITED BANK, NATIONAL ASSOCIATION, and PATRICIA HOFFMAN, individually (hereinafter collectively referred to as "Defendants"), as follows:

### NATURE OF THE CLAIMS

1. This action is brought to remedy the unlawful discriminatory conduct of Defendants. Through their unlawful and discriminatory conduct, Defendants violated *inter alia*, 42 U.S.C. §1981, New York State Human Rights Law, New York Executive Law, § 290, et seq. ("NYSHRL"); New York City Human Rights Law, the Administrative Code of the City of New York 8-107 et seq. ("NYCHRL"); and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

2. Plaintiff seeks declaratory relief with respect to each Claim, as well as, monetary relief, including but not limited to: compensatory and punitive damages; attorney's fees and the

1

costs associated with this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and city laws.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action involves federal questions, because the causes of action asserted herein arise in part under 42 U.S.C. § 1981 ("1981"), to remedy violations of the laws of the State of New York and City of New York based upon Federal Questions and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against by Defendants on the basis of her race and/or color, national origin, and religion.

4. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Plaintiff filed a verified complaint with the New York State Division of Human Rights on or about February 10, 2017. The New York State Division of Human Rights conducted an investigation and found that "probable cause exists to believe that the Defendant[s] engaged in or [are] engaging in the unlawful discriminatory practice complained of."

6. On or about June 28, 2018, upon request of Plaintiff's attorney, The New York State Division of Human Rights dismissed Plaintiff's complaint and annulled her election of remedies to hereby pursue the current action.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Eastern District of New York.

## PARTIES

8. At all times relevant to this Complaint, Plaintiff was and is an individual, black Muslim female from Senegal.

9. At all times relevant to this Complaint, the Defendant PEOPLE'S UNITED BANK, NATIONAL ASSOCIATION (hereinafter referred to as "PEOPLE'S UNITED BANK") was and is a national association owning and operating a store located at 8989 Union Turnpike Glendale, New York 11385.

10. At all times relevant to this Complaint, Defendant, PATRICIA HOFFMAN (hereinafter referred to as "HOFFMAN") was and is Growth Manager for Defendant PEOPLE'S UNITED BANK.

11. At all times relevant to this Complaint, SHAMECCA ANDREWS (hereinafter referred to as "ANDREWS") was and is a personal banker for Defendant PEOPLE'S UNITED BANK working at the store located at 8989 Union Turnpike, Glendale, New York 11385.

## MATERIAL FACTS

12. This case involves public accommodation discrimination on the basis of religion, race, and national origin all of which were directed at Plaintiff GUEYE by Defendants.

13. Plaintiff GUEYE is the chairwoman for the Mumin Foundation Charitable Corp. (hereinafter referred to as "Mumin"), a charitable organization that sponsors education programs and schools in Africa.

14. Plaintiff has banked with Defendants since 2010.

15. Plaintiff had four (4) separate bank accounts with Defendants. Plaintiff had her personal checking account, her personal savings account, her son's college savings account, and an account for Mumin.

16. Plaintiff opened an account for Mumin in 2015, which held funds for the charity.

3

17. Plaintiff always complied with Defendants' policies regarding each of her accounts.

18. In or around July of 2016, Plaintiff notified Defendants that she would need access to her bank funds while traveling overseas to the Muslim countries of Senegal, Morocco, Dubai, Kuwait, and Bahrain. Plaintiff responsibly provided dates of her planned trips to Defendants so there would be no issues when she needed to withdraw funds from her accounts.

19. In or around the end of July of 2016 to the beginning of August of 2016, Plaintiff traveled to several Muslim countries (Senegal, Morocco, Dubai, Kuwait, and Bahrain) for her work with Mumin.

20. Plaintiff tried to withdraw funds from her accounts at Defendant PEOPLE'S UNITED BANK while traveling in these countries but was denied access to all four (4) of her accounts.

21. Plaintiff was stranded with her disabled minor child in foreign lands with little money. This caused Plaintiff and her minor child extreme stress and anxiety, not knowing if they would be able to make it home.

22. Defendants intentionally froze, and ultimately closed, all four (4) of Plaintiff's accounts while she was traveling internationally on the basis that Plaintiff's Mumin account was overdrawn by a mere $30.60. Defendants closed all four (4) of Plaintiff's accounts, even though her other three (3) accounts had positive balances. Additionally, Defendants reported her to Chex Systems, Inc.[1] (hereinafter referred to as "ChexSystems), which restricted her from opening another bank account in the United States.

---

[1] According to their website, "ChexSystems is a nationwide specialty consumer reporting agency under the federal Fair Credit Reporting Act (FCRA). . . . ChexSystems provides services to financial institutions and other types of companies that have a permissible purpose under the FCRA. ChexSystems' services primarily assist its clients in assessing the risk of opening new accounts."

23. Defendants admit that Plaintiff had absolutely no fault in causing the overdraft of her Mumin account. Defendants acknowledge that it was their fault entirely and that they incorrectly had overdrawn funds from Plaintiff's Mumin account.

24. Defendants had sent correspondence to Plaintiff's home address in Bronx, New York notifying her of the overdraft and warning her that her bank accounts would be closed if she does not address the matter. However, Defendants sent this correspondence during the time Plaintiff was traveling overseas for her charity. Defendants had full knowledge that Plaintiff would not receive this correspondence until a much later date as Defendants were informed as to when and where Plaintiff was traveling prior to her trip.

25. Defendants' employee, ANDREWS who opened Plaintiff's Mumin account, admits that she incorrectly categorized the Mumin account as a "nonprofit business checking account" rather than a "nonprofit advantage checking account."

26. Plaintiff's Mumin account became overdrawn because a nonprofit business checking account incurs monthly fees. ANDREWS stated that Plaintiff's Mumin account should never have incurred monthly fees.

27. In or around September of 2016, Plaintiff went in-person to Defendants' Queens branch in an attempt to have her bank accounts reopened. Plaintiff directly asked ANDREWS why her accounts were closed even after Defendants discovered that Plaintiff's overdrawn Mumin account was based on Defendants' own error. Andrews stated that she did not know.

28. Defendants shockingly prevented Plaintiff from reopening her accounts even after Defendants uncovered and acknowledged their own error as the reason for Plaintiff's accounts being closed in the first place.

29. ANDREWS escalated the matter to Defendants' Growth Manager, HOFFMAN. Defendant HOFFMAN informed ANDREWS that the Plaintiff's accounts could not be reopened because of the countries that Plaintiff traveled to.

30. Defendants were aware of Plaintiff's Muslim charity and her recent travel to several Muslim countries on behalf of that foundation. Defendants' unreasonable refusal to reopen Plaintiff's bank accounts because she traveled to Muslim countries establishes a clear discriminatory bias on the basis of Plaintiff's religion, race and national origin.

31. Moreover, Defendants substantially delayed notifying ChexSystem that Plaintiff should not be on the ChexSystem record. Plaintiff was not taken off of the ChexSystem record for approximately ten (10) months. This prevented Plaintiff from opening bank accounts during this period, which caused significant personal and business-related difficulties for her. Additionally, Plaintiff had significant issues booking flights and hotels for traveling, which impacted her greatly as she frequently needed to travel for her work with the charity.

32. Defendants' discriminatory actions negatively impacted Plaintiff GUEYE'S credit and finances, causing her severe emotional distress.

33. The above are just some examples of the unlawful discrimination to which Defendants subjected Plaintiff GUEYE.

34. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

35. As a result of this discrimination, Plaintiff suffered and continues to suffer from anxiety, depression, and emotional distress.

36. As Defendants' conduct has been willful, wanton, reckless, and/or in conscious disregard or so reckless as to amount to such disregard of Plaintiff's rights, Plaintiff GUEYE respectfully seeks all available damages including but not limited to emotional distress, statutory damages, attorney's fees, costs, interest and punitive damages from all Defendants jointly and severally.

37. Defendant HOFFMAN clearly abused her managerial authority with the conduct described herein.

38. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

## CAUSES OF ACTION

### THE FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
### (Against All Defendants)

39. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

40. 42 U.S. Code § 1981 - Equal rights under the law states provides:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

41. Defendants violated 42 U.S.C. §1981 as set forth herein.

42. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of her contractual relationship which provided substantial benefits, thereby entitling her to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

43. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

44. Defendants violated the above and Plaintiff suffered numerous damages as a result.

45. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

## THE SECOND CAUSE OF ACTION
### Public Accommodation Violation of the New York Executive Law
### (Against All Defendants)

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

47. New York State Executive Law § 296(2) provides that it shall be an unlawful discriminatory practice: "For any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or disability or marital status of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, including the extension of credit, or, directly or indirectly, publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color, national origin, sexual orientation, military status, sex, or disability or marital status, or that the patronage or custom thereat of any person of or purporting to be of any particular race, creed, color, national origin, sexual orientation, military status, sex or marital status, or having a disability is unwelcome, objectionable or not acceptable, desired or solicited."

48. Defendants violated all applicable sections of the NYSHRL § 296(2) by withholding and/or denying equal advantages, facilities or privileges on the basis of Plaintiff's race, religion, and national origin.

### THE THIRD CAUSE OF ACTION
### Aiding and Abetting in Violation of New York Executive Law
### (Against All Defendants)

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

50. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

51. Defendants violated Executive Law § 296(6) by aiding, abetting, inciting, compelling and coercing acts, or attempted to do so, the above discriminatory and unlawful conduct set forth herein.

### THE FOURTH CAUSE OF ACTION
### Public Accommodation Discrimination under New York City Law
### (Against All Defendants)

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

53. The New York City Administrative Code Title 8, §8-107(4)(a) provides:

> "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived race, creed, color, national origin . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, or directly or indirectly, to make any declaration, publish, circulate, issue, display, post or mail any written or printed communication, notice

or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of . . . gender . . ."

54. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides:

An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

55. Defendants engaged in an unlawful discriminatory practice in violation of New York Administrative Code Title 8, § 8-107(4)(a), by withholding and denying equal advantages, facilities, or privileges to Plaintiff on the basis of her race, religion, and national origin.

56. Defendant PEOPLE'S UNITED BANK, is additionally strictly liable for the discriminatory acts of Defendant HOFFMAN under all of the applicable paragraphs of New York City Administrative Code, Section 8-107(13).

## THE FIFTH CAUSE OF ACTION
### Aiding and Abetting Under New York City Law
**(Against All Defendants)**

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

58. New York City Administrative Code Title 8, §8-107(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

59. Defendants violated New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing, or attempted to do so, the above discriminatory, harassing, and unlawful conduct.

60. Furthermore, Defendant PEOPLE'S UNITED BANK is strictly liable for the retaliatory acts of Defendant HOFFMAN under New York City Administrative Code Title 8, § 8-107(13).

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment for damages including, but not limited to compensatory damages, punitive damages, statutory damages, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful conduct.

## **JURY REQUEST**

Plaintiff requests a jury trial on all issues to be tried.

Date:   New York, New York
        October 24, 2018

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC.**

Attorneys for Plaintiff

BY:   /s/ Johnmack Cohen, Esq.

Johnmack Cohen, Esq.
One Penn Plaza Suite 4905
New York, New York 10119
(212) 587 0760